Joel SIMPSON

v.

CITY OF PHILADELPHIA, Gregory Sambore, Philip Dukes, Jr., Police Officer McKelvie (Badge No. 9829), Police Officers John Doe I, II, III.

No. 87–0762.

United States District Court, E.D. Pennsylvania.

May 28, 1987.

J. Michael Farrell, Philadelphia, Pa., for plaintiff.

John B. Day, Deputy City Sol., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

KATZ, District Judge.

At the pretrial conference of this case on May 22, 1987, the defendants' attorney was

substantially unprepared to discuss the matter because the Law Department of the City of Philadelphia had not yet received the records underlying this claim of police brutality. In response to my request, defendants' attorney of record wrote me on May 26, 1987, explaining that the Law Department requested but had not yet received "all police paperwork and Philadelphia Prisons paperwork on the case."[1] Defendants had nonetheless filed an Answer on February 26, 1987, denying the basic allegations about the alleged police beating of plaintiff: "After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 9 through 53, and therefore, the answering defendants deny the allegations." The defendants' attorney of record added his affidavit that "the facts set forth herein are true and correct to the best of his knowledge, information and belief." The Complaint had been filed on February 11, 1987.

Rule 11 mandates an appropriate sanction if an attorney signs a pleading that violates the certification "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact." Rule 16(f) permits a sanction if a "party's attorney is substantially unprepared to participate" in the pretrial conference.

This violation of the Rules is inexplicable. At the hearing, the Deputy City Solicitor who is attorney of record stated that the routine practice of his office is to file Answers to suits of this kind without any substantive information whatsoever about the merits or any review of the police file. This is simply unacceptable. Nor is it acceptable to rely on a notion that the "routine" nature of the litigation in representing the same clients somehow creates in the lawyer's mind an intuition about what the facts must be, on which insight he may rely in a pleading. The Rules require a minimum standard of professionalism. The conduct of defendants' attorney in this case falls below that standard. While I do not question anyone's subjective good faith and while I appreciate the problems of limited resources and while the stated intention to hold meetings with the staff on this matter is commendable, I cannot ignore this classic violation of the Rules.

## ORDER

On this 28th day of May, 1987, it is hereby ORDERED, after a hearing on the matter, that a sanction of Five Hundred Dollars ($500.00) is imposed on the defendants' attorney of record for being substantially unprepared to participate in the pretrial conference held on May 22, 1987 (Fed. R.Civ.P. 16(f)), and for answering plaintiff's complaint without having made reasonable inquiry into whether the answer was well-grounded in fact. (Fed.R.Civ.P. 11). The defendants' attorney of record shall pay the sum of Five Hundred Dollars ($500.00) to the Clerk of this Court within ten (10) days. Defendant, City of Philadelphia, shall not reimburse the attorney of record for the sanction. The Answer is stricken, with leave to file an Amended Answer within ten (10) days.

---

1. At the hearing on May 28, 1987, defendants' attorney reported that he had, in fact, received the underlying records before his May 26, 1987 letter, but had not opened his mail containing them until after he sent me that letter.